OPINION
Plaintiff-appellant, Hastings Mutual Insurance Company ("Hastings"), appeals from the decision and order of the Hancock County Court of Common Pleas which granted the motion for summary judgment filed by defendant-appellee, Westfield Insurance Company ("Westfield"), with respect to appellant's request for declaratory judgment.
On December 6, 1999, Hastings filed an amended complaint against Rodney J. Warnimont relying on its right to subrogation. This complaint alleged Hastings' insured, Joseph M. Yambor, was a passenger injured in an automobile accident negligently caused by Warnimont. At the time of the accident, Yambor was insured under a business auto insurance policy Hastings had issued, which included medical payments coverage and $500,000 underinsured motorist coverage limit. When Hastings filed its amended complaint, it added Westfield as a new-party defendant and asked for a declaratory judgment. Specifically, Hastings asked the trial court to declare that Westfield's $500,000 per accident automobile liability insurance coverage was in force for Warnimont's pickup truck on the date of the automobile accident, June 15, 1998. Since the limits of this policy are identical to Hastings' insured's underinsured motorist coverage limits, Hastings asked the court to declare that there would be no underinsured situation as to Hastings' policy.
After a pretrial hearing, the parties agreed that the trial court first rule on Hastings' demand for a declaratory judgment as to whether an automobile liability insurance policy existed between Warnimont and Westfield at the time of the accident. The parties then filed cross-motions for summary judgment on this issue.
The undisputed facts indicate that at the time of the June 15, 1998 accident Warnimont had a business auto insurance policy with American States Insurance Company with a liability policy limit of $100,000. However, on June 10, 1998, Warnimont had met with Westfield agent Robert Pessel and completed a commercial insurance application in order to add auto coverage on his commercial policy with Westfield. In its motion for summary judgment, Hastings claimed that Westfield was bound by actions of agent Pessel and the insured's specific intent to provide automobile coverage at the time his American States' policy ended, which was before the date of the accident. Westfield filed a cross-motion for summary judgment denying that a contract of insurance for auto coverage existed prior to June 17, 1998 or that there is evidence of a binder before the accident. Both parties filed a memorandum contra.
On August 3, 2000, the trial court granted Westfield's motion for summary judgment. In that decision, the trial court found that the evidence does not support a finding that the parties mutually agreed to alter the insurance contract to provide coverage prior to June 17, 1998. It also found that there was neither mutual mistake nor unilateral mistake of fact to reform the insurance. Hastings now appeals and assigns one error for our review.
Hastings' sole assignment of error states as follows:
 The trial court erred in granting summary judgment to Defendant-Appellee Westfield Insurance Co. because the undisputed evidence in the record shows that Westfield had $500,000 liability coverage for Rodney J. Warnimont bound on or before June 15, 1998 by application of Ohio law, and that Hastings therefore had no underinsured coverage.
 Pursuant to Civ.R. 56, summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Further, summary judgment shall not be rendered unless "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." Civ.R. 56(C).
Hastings first argues that the trial court erred in failing to find Westfield was bound to provide automobile insurance coverage to Warnimont as of the date of the June 15, 1998 accident. In support of its argument, Hastings notes that the record shows agent Pessel contacted Westfield on June 10, 1998 to obtain Warnimont's new automobile coverage and Westfield issued a "certificate of insurance" on that date.
It is well established that an insurance company may be bound by the actions of its agent acting within the actual or apparent scope of authority. Clements v. Ohio State Life Ins. Co. (1986), 33 Ohio App.3d 80,84. The Tenth District Court of Appeals in Blazavich v. CNA Ins.Companies (June 30, 1998), Franklin App. Nos. 97APE09-1282, -1283, at *4, unreported, 1998 WL 353870, summarized the law governing a binder of insurance:
 A binder is an insurance contract which provides present temporary protection to an applicant until the insurer processes his or her application and issues a policy. See, e.g., Clements v. Ohio State Life Ins. Co. (1986), 33 Ohio App.3d 80, 85, 514 N.E.2d 876; Couch on Insurance (3 Ed. 1997), 13-2, Section 13:1. Although binders are often evidenced by a written receipt, they may be oral. Clements, supra, at 85, 514 N.E.2d 876. An agreement requiring an insurer to insure an applicant at some future date is not a binder, as an insurance contract is not a binder unless it provides for present insurance. Couch on Insurance, supra, at 13-14.
 Applying those parameters, there was no evidence presented to support Hastings' contention that there was any binding coverage in effect on the date of accident at issue. While agent Pessel did contact a Westfield underwriter by telephone on June 10, 1998 to procure the automobile coverage requested by Warnimont, the agent's notes relating to this conversation indicated an effective coverage date of June 17, 1998. In fact, Warnimont stated in his deposition that agent Pessel, who handled the transaction and executed the application to Westfield, never represented to him that the coverage was effective on any prior date. Indeed, Warnimont acknowledged signing the commercial insurance application which clearly marked "Bound" with an "X" under the "Status of Submission" section, followed by the date June 17, 1998.
In addition, the certificate of liability issued on June 10, 1998 clearly stated a policy effective date of June 17, 1998 and contained a statement that this is "to certify that the polic[y] of insurance listed below ha[s] been issued to the insured named above for the policy periodindicated notwithstanding any requirement, term or condition of any contract * * *." (Emphasis added.) It further stated that "[t]his certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage as afforded by the policies below." The commercial insurance policy Westfield had issued to Warnimont dba Rodco with a policy period from June 17, 1997 to June 17, 1998, attached to Westfield's agent's deposition, also contains the provision which states: "This policy's terms can be amended or waived only by endorsement issued by us made a part of this policy." In other words, on the face of the documentary evidence, Westfield had not bound coverage or otherwise issued insurance prior to the date of June 17, 1998.
Hastings' second argument that the insurance contract did not express Warnimont's intent to procure automobile coverage with Westfield at the termination of the American States' policy period on June 12, 1998 is similarly without merit. Reformation is the modification of an instrument to express the actual intent of the parties. Gen. Tire, Inc.v. Mehlfeldt (1997), 118 Ohio App.3d 109, 115. Reformation of a contract based on mutual mistake is proper when the parties made the same mistake and understood the contract as the party seeking reformation alleges.Snedegar v. Midwestern Indemn. Co. (1988), 44 Ohio App.3d 64, 69. Moreover, the existence of such mutual mistake must be established by clear and convincing evidence. Id.
In the present case, the trial court properly concluded that there was no mutual mistake between the parties. Agent Pessel stated in his deposition that it was his understanding that adding automobile coverage at the June 17, 1998 renewal date of the Westfield commercial policy conformed to the wishes of Warnimont. Any mistake presented in this case, therefore, was unilateral.
A unilateral mistake occurs when one party believes the contract correctly integrates the agreement and the other party knows it does not. Snedegar at 70. Reformation is a proper remedy where it is shown that the unilateral mistake was made with the knowledge of, or due to the negligence or inadvertence of, the insurance agent or insurer. Id.
As to this issue, it seems clear from reading Warnimont's deposition that he was somewhat confused as to why the automobile coverage had been made effective June 17, 1998. In any event, as his automobile coverage with American States came due to expire in June 1998, Warnimont sought to establish coverage with Westfield for the purpose of lowering his insurance rates and bringing the insurance under one carrier. The evidentiary materials submitted to the court clearly established that Warnimont understood that coverage was to be effective June 17, 1998. The application signed by Warnimont shows that the automobile coverage was to be effective June 17, 1998, and Warnimont stated that he had full knowledge of its contents when he executed the application. The Westfield certificate of liability and its amended policy declarations issued to Warnimont dba Rodco listed the effective date as June 17, 1998. Lastly, the cancellation request to American States executed by Warnimont apparently contemplated a subsequent cancellation to conform to the Westfield commercial policy issued to him. Thus, the trial court ruled appropriately in finding that no unilateral mistake had occurred to allow reformation.
Therefore, Hastings' assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 WALTERS, P.J. and HADLEY, J., concur.